# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 19, 2011

No. 09-20843
Summary Calendar

Lyle W. Cayce
Clerk

ROBERT BALLARD,

Plaintiff-Appellant

v.

HEDWIG VILLAGE POLICE DEPARTMENT; DALE EDWARD LUSK;
SPRING VALLEY POLICE DEPARTMENT; HOUSTON POLICE
DEPARTMENT; OFFICER K9U73K20 SCHULGEN; CITY OF HOUSTON;
HAROLD HURTT, Police Chief; D.R. NECK, Officer; CITY OF HEDWIG
VILLAGE; DAVE M. BARBER, Police Chief; STEVEN WAYNE PACKARD,
Detective; FRANK SCHULGEN, Officer; CITY OF SPRING VALLEY; GARY
FINKLEMAN, Police Chief; W.G. OBENLAND, Sergeant; H. KINCAID, Officer;
MEMORIAL VILLAGES POLICE DEPARTMENT; JOHN DOE, Police Chief;
OFFICER WEBB, Unit #42; JOHN DOES, Officers,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-567

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Robert Ballard, Texas prisoner # 00748050, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against numerous individuals and government entities alleging that certain defendants violated his constitutional rights and caused him injuries both during and after his arrest for burglary of a building. Ballard alleged that Officer Neck, a dog handler with the Houston Police Department K-9 unit, ordered a police dog to attack him as he was being arrested and therefore used excessive force against him; that Officers Lusk and Schulgen, as well as other unnamed officers who were present during the attack, failed to prevent or to stop the use of force; that Lusk, Schulgen, and Officers Packard and Obenland subsequently exhibited deliberate indifference to his medical needs; and that the officers conspired to cover up the attack by fabricating the police reports.

The district court ordered service of process only on defendants Neck, Lusk, Schulgen, and Packard, who moved for summary judgment. The district court denied Neck's motion for summary judgment but granted summary judgment in favor of Lusk, Schulgen, and Packard and entered a final judgment as to Lusk, Schulgen, and Packard, from which Ballard now appeals. Ballard also contends that the district court erred in failing to order service on the various municipalities and police chiefs and in failing to allow discovery as to those defendants.

We review the grant of a motion for summary judgment de novo. *Xtreme Lashes, LLC v. Xtended Beauty, Inc.,* 576 F.3d 221, 226 (5th Cir. 2009). The summary judgment evidence reflects that Packard was not present during Ballard's arrest. Further, Ballard does not contend that either Lusk or Schulgen personally used excessive force on him. Rather, he argues that the officers present during his arrest, including Lusk and Schulgen, failed to prevent or to stop the use of force. He has failed to point to any evidence, however, that these

officers had a reasonable opportunity to prevent or stop the attack given that the police dog took commands only from its handler.

Further, we take judicial notice that, during the pendency of this appeal, a jury found that Ballard had failed to prove that Neck used excessive force against him and that a final judgment was entered in favor of Neck. *See United States v. Herrera-Ochoa*, 245 F.3d 495, 501 (5th Cir. 2001). Thus, Ballard has failed to establish a use of excessive force from which the other officers could or should have protected him. *See Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995).

Ballard also contends that the district court erred in granting summary judgment in favor of Lusk, Schulgen, and Packard on his denial of medical treatment claim. The summary judgment evidence does not indicate that the officers should have drawn the inference that a substantial risk of serious harm existed such that their failure to provide additional medical care to Ballard while he was detained at the Hedwig Village jail, as Ballard alleged, constituted deliberate indifference to his medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc). As for his claim that officers conspired to falsify police reports, Ballard has failed to demonstrate that the district court erred in granting summary judgment on this claim. His disagreement with the information in the reports and with the officers' version of events is not sufficient to show that the officers falsified their reports or engaged in any conspiracy to do so and fails to establish the existence of a genuine dispute about a material fact. *See* FED. R. CIV. P. 56(c)(1); *Day v. Quarterman*, 566 F.3d 527, 539-40 (5th Cir. 2009).

As for Ballard's contention that the district court erred in failing to order service on the various municipalities and police chiefs and in failing to allow discovery as to those defendants, he has failed to show that the district court abused its discretion. *See Scott v. Monsanto Co.,* 868 F.2d 786, 793 (5th Cir.

1989).  In any event, even if the district court abused its discretion, any error was harmless under the circumstances.  *See Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 265 (5th Cir. 2007).

The judgment of the district court is AFFIRMED.